# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

BRIAN ROSS, an Individual,
FARAH GLASSTETTER, an Individual, and
SARAH CONQUEST, an Individual

| Case No: 4:23-cv-12754-MFL-EAS<br>Honorable: Matthew F. Leitman<br>Magistrate: Elizabeth A. Stafford |
| --- |

Plaintiffs,

v.

CITY OF BURTON, a Governmental Entity
~~POLICE OFFICERS LABOR COUNCIL~~
~~BURTON CITY COMMAND OFFICERS,~~
~~POLICE OFFICERS LABOR COUNCIL~~
~~BURTON PATROL OFFICERS,~~
~~DUANE HASKINS, in his Official Capacity Only~~
TINA CONLEY, KEVIN JONES,
KEVIN KISSEL and DANA PIAZZA,
in their Individual and Official Capacities,
Jointly and severally.

| **RULE 26(F)(3) JOINT<br>DISCOVERY PLAN** |
| --- |

Defendants.

| | |
| --- | --- |
| MUNEEB M. AHMAD (P70391)<br>SYED HUSSAIN AKBAR (P67967)<br>AHMAD & AKBAR LAW, PLLC<br>Attorneys for Plaintiffs<br>811 N. Main Street, Suite 106<br>Royal Oak, MI 48067-1825<br>Tel. (248) 519-2313<br>Fax: (248) 519-2399<br>Muneeb@ahmadandakbar.com<br>Hussain@ahmadandakbar.com | RICHARD V. STOKAN, JR (P61997)<br>KERR RUSSELL AND WEBER, PLC<br>Attorney for Defendant City of Burton<br>500 Woodward Avenue, Suite 2500<br>Detroit, MI  48226-3427<br>(313) 961-0200; FAX (313) 961-0388<br>rstokan@kerr-russell.com<br><br>WILLIAM J. BRICKLEY (P36716)<br>KRISTI TRIGG-JOHNSON (P80526)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for Def. Conley, Jones,<br>Kissel, and Piazza.<br>1450 W. Long Lake Rd., Ste. 350<br>Troy, MI 48098<br>(810) 695-3700;<br>wbrickley@garanlucow.com<br>ktrigg@garanlucow.com |

*23-cv-12754-MFL-EAS, Ross, et al v. City of Burton, et al – Rule 26(f)(3) Joint Discovery Plan, p. 1*

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties, by and through their attorneys conferred on September 16, 2024 to discuss the nature and basis of the claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for disclosures required by Fed R. Civ. P. 26(a)(1), and to develop a proposed discovery plan. The parties have agreed to and developed the following proposed plan:

### 1. RELATED CASES:

There is another pending civil action arising out of the transactions or occurrences alleged in this Complaint in the United States Eastern District of Michigan, Southern Division before the Honorable Matthew F. Leitman under Case No.: 4:23-cv-12272-MFL-EAS

### 2. JURISDICTION:

This Honorable Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 1983 and the Equal Protection Clause as enumerated through the 14th Amendment of the U.S. Constitution, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* Under 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiffs' state law claims, which include, but are not limited to, the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, and intentional infliction of mental and emotional distress laws.

### 3. FACTUAL SUMMARY:

#### a. PLAINTIFFS' FACTUAL SUMMARY:

Plaintiffs have brought forth this instant action setting forth the following legal claims:

COUNT I - Violation of Title VII, 42 U.S.C. § 2000e, et seq. Discrimination Based on Sex and National Origin

*23-cv-12754-MFL-EAS, Ross, et al v. City of Burton, et al – Rule 26(f)(3) Joint Discovery Plan, p. 2*

COUNT II - Violation of Title VII, 42 U.S.C. § 2000e, et seq. Retaliation

COUNT III - Violation of 42 U.S.C. § 1983 Fourteenth Amendment Due Process/ Equal Protection Violations

COUNT IV - Violation of 42 U.S.C. § 1983 - Monell Liability against Defendant City of Burton

COUNT V - Violation of ELCRA, MCL 37.2101, et seq. Discrimination Based on Sex and National Origin

COUNT VI - Violation of ELCRA, MCL 37.2101, et seq., Retaliation

COUNT VII - Violation of MCL 600.2911 Defamation and Defamation Per Se

COUNT VIII - Intentional Infliction of Mental and Emotional Distress

By way of this instant action, Plaintiffs seeks to hold, Officers Kevin Jones, Kevin Kissel, and Dana Piazza, and former Councilwoman Tina Conley (hereinafter the "Individual Defendants"), liable in their individual and official capacities, for pervasive and ongoing discrimination, hostile environment, and retaliation based on National Origin, Sex, and Sexual Orientation.  Further, this instant action seeks to hold the City of Burton liable for their discriminatory and retaliatory toxic police culture, customs, policies, and practices.

Specifically, this culture, and these customs, policies, and practices, which are prevalent among both patrol officers and command staff and supported by the City's inaction, are based on discrimination against women, racial minorities, the LGBTQ community, and those who support these protected classes. To this end, Plaintiffs were subjected to a hostile work environment which encompassed discrimination based on ethnicity, pregnancy status, sexual orientation, and associational discrimination at the hands of the Individual Defendants. Among other things, the hostile work environment and subsequent retaliation included, but was not limited to, Individual Defendants subjecting Plaintiffs to a knowingly false and defamatory false narrative of a workplace affair, sexual misconduct and blackmail aimed at undermining their authority, false accusations of misconduct, and intentionally tarnishing and damaging Plaintiffs' credibility and reputation within the community.  The core dispositive issue will be whether or not

*23-cv-12754-MFL-EAS, Ross, et al v. City of Burton, et al – Rule 26(f)(3) Joint Discovery Plan, p. 3*

Defendants' actions or lack thereof amount to discrimination and retaliation under state and federal law.

### b. DEFENDANTS' FACTUAL SUMMARY

## CITY OF BURTON

It is the position of the City of Burton that Plaintiffs' do not have a viable cause of action for numerous reasons including, but not limited to, the following: (1) there has not been any sufficiently adverse employment action; (2) Plaintiffs' were not members of a protected class; (3) any action or inaction taken was not motivated by Plaintiffs' membership in a protected class, if any; (4) any alleged action was not sufficiently pervasive and/or severe to qualify as a hostile work environment; (5) the City of Burton cannot be held vicariously liable for action or inaction of which they did not and could not have known; (6) the alleged action or inaction occurred despite appropriate policies in place to prevent and/or address such activity, thus insulating the city from liability; (7) Plaintiffs have not suffered any economic loss; (8) Plaintiffs are comparatively at fault for any damages they claim to have sustained; (9) any adversity experienced by the plaintiffs was self-induced; (10) Plaintiffs failed to utilize available recourse(s) and/or resources to address or remedy any undesirable condition of employment; (11) Plaintiff Ross, in particular, as the Chief of Police, had the ability and authority to implement prompt and appropriate corrective action, if indicated, such that any failure to address the "toxic police culture" alleged is attributable to him. Further, the city took prompt and appropriate disciplinary action against personnel who were determined to have violated policies vis-à-vis Plaintiff's Ross and Glastetter.

## TINA CONLEY

The defendant Conley was a sitting member of the Burton City Council. The primary allegations against her are for defamation. It has been alleged that the statements she made were during the course of City Council meetings. First she never made any defamatory statements. Second statements made during the course of a legislative session are immune from any defamation claim. Also related to the remaining claims made against her the defenses set forth by the City of Burton apply equally to her.

## DEFENDANTS PIAZZA, KISSEL AND JONES

*23-cv-12754-MFL-EAS, Ross, et al v. City of Burton, et al – Rule 26(f)(3) Joint Discovery Plan, p. 4*

These defendants are actually the ones who have suffered damages as a result of the actions of Ross and others.  There claims are more fully set forth in the suit they have filed.  In addition to there being no factual basis for the claims the defenses of the City of Burton apply equally to them.

### 4.  LEGAL ISSUES:

**a.** Whether or not Defendants violated Title VII, 42 U.S.C. § 2000e, et seq., by discriminating against Plaintiffs based on National Origin, Sex, and Sexual Orientation, or and those who support these protected classes.

**b.** Whether or not Defendants violated Title VII, 42 U.S.C. § 2000e, et seq., by retaliating against Plaintiffs for engaging in protective activities (i.e. reporting discrimination and a hostile environment, based on their protected class status) or retaliated against Plaintiffs based on their association and/or support of individuals belonging to those protected classes.

**c.** Whether or not Defendants violated Plaintiffs' Fourteenth Amendment Due Process/ Equal Protection rights as enumerated in 42 U.S.C. § 1983, when they discriminated against Plaintiffs based on their National Origin, Sex, and Sexual Orientation, or their association and/or support of individuals belonging to those protected classes, or when Defendants retaliated against Plaintiffs for engaging in protective activities (i.e. reporting discrimination and a hostile environment, based on their protected class status) or based on their association and/or support of individuals belonging to those protected classes.

**d.** Whether or not Defendant, City of Burton, by and through its Police Department, maintained a series of policies, customs, and practices, which when enforced, individually and collectively constituted a moving force of Plaintiffs constitutional violations in violation of 42 U.S.C. § 1983.

**e.** Whether or not Defendants violated ELCRA, MCL 37.2101, et seq, by discriminating against Plaintiffs based on National Origin, Sex, and Sexual Orientation, or and those who support these protected classes.

**f.** Whether or not Defendants violated ELCRA, MCL 37.2101, et seq, by retaliating against Plaintiffs for engaging in protective activities (i.e.

reporting discrimination and a hostile environment, based on their protected class status) or retaliated against Plaintiffs based on their association and/or support of individuals belonging to those protected classes.

**g.** Whether or not Individual Defendants violated MCL 600.2911 and committed defamation per se, by publishing remarks about Plaintiffs to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity, and with the intent to cause reputational harm.

**h.** Whether or not Defendants actions or lack thereof were intentional and so extreme, outrageous and of a character not to be tolerated by a civilized society, such that it resulted in the intentional infliction of mental and emotional distress of Plaintiffs.

## 5. AMENDMENT OF PLEADINGS:

At this point Plaintiffs do not anticipate any amendments to the initial pleadings. Defendant, Mayor Duane Haskins, who was sue in his Official Capacity only, was dismissed without prejudice for Plaintiffs' failure to serve Defendant. At this point in time, Plaintiffs do not intend to pursue claims against Mayor Duane Haskins in his Official Capacity. However, should discovery warrant claims against Mayor Duane Haskins in his Individual Capacity, Plaintiffs reserve the right to seek leave from this Honorable Court to Amend the Pleadings accordingly.

Likewise, Plaintiffs voluntarily dismissed the Police Officers Labor Council for the Burton City Command Officers and the Police Officers Labor Council for the Burton Patrol Officers without prejudice. However, should discovery reveal liability on behalf of these Defendants' Plaintiffs seek to reserve the right to amend the pleading to pursue claims against these police unions.

## 6. DISCOVERY:

**a.** The parties agree that all discovery shall be limited to relevant, non-privileged matters and shall be proportional to the needs of this case based on the considerations in Rule 26(b)(1). The parties contemplate exchanging written discovery including, but not limited to, Request for Admissions, Interrogatories, and Request for Production. In addition,

the parties contemplate the need for depositions of the Parties and any necessary third-party fact witnesses who become known through the discovery process.   Additionally, Plaintiffs anticipate that Defendant may seek to depose any expert witnesses retained by Plaintiffs.

The Parties propose the following discovery schedule:

    i.  Plaintiffs and Defendants will serve their respective initial disclosures no later than 21 days following entry of the Court's Scheduling Order.

    ii.  The parties will file their respective expert and lay witness lists by March 20, 2025;

    iii. Fact Discovery cutoff will be May 30, 2025.

    iv. Expert Discovery cutoff will be August 29, 2025.

    v.  Parties to inform the Court of the intentions regarding ADR by April 20, 2025.

    vi. Dispositive Motions will be filed by September 30, 2025.

    vii.     Final Pre-trial Conference to be set by the Court.

    viii.    Trial date to be set by the Court.

**b.** The parties agree to the limits on the number and length of depositions and the number of interrogatories that is in the Federal Rules. However, the Plaintiffs believe that they will need to take more than 10 depositions which is in excess of the limitation on the number of depositions allowed under FRCP 30.

**c.** The parties may stipulate to the entry of a Protective Order regarding the production of confidential information during the course of discovery in this case.  In the event an order cannot be agreed upon, the parties reserve the right to present the issue to the Court for resolution.

*23-cv-12754-MFL-EAS, Ross, et al v. City of Burton, et al – Rule 26(f)(3) Joint Discovery Plan, p. 7*

**7. ELECTRONIC DISCOVERY:**

The parties do not anticipate any issues regarding electronically stored information ("ESI"). The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties have agreed that the scope of electronically stored discovery information shall be limited to relevant and discoverable matters and shall be proportional to the needs of this case based on the considerations in Rule 26(b)(1). Electronically stored discovery information in this regard would include, but is not limited to:

a. Email communications from personal and City assigned email accounts, and other electronic documents that are reasonably accessible, and that such emails and other electronic documents as well as their attachments, shall be produced in PDF or paper format.

b. Text or video messages or other electronic communications from any personal and/or City assigned cellular or electronic devices, and that such text or video messages and their attachments and other electronic communications shall be produced in native format and PDF format.

c. Audio recordings or video footage from all personal or City assigned dash cameras or body cameras or recording devices, as well as all audio recordings or video footage from all City building security, surveillance or video systems within any city buildings, and that any such audio recordings or video footage shall be produced in native format.

d. The parties further have agreed that disclosure of metadata of electronic information produced in discovery will not be necessary.

The parties agree to cooperate in good faith if the need arises during discovery for any such discovery.

**8. SETTLEMENT:**

*23-cv-12754-MFL-EAS, Ross, et al v. City of Burton, et al – Rule 26(f)(3) Joint Discovery Plan, p. 8*

The parties have not engaged in settlement discussions. The parties anticipate settlement discussions after the close of discovery, by way of mediation or facilitation, but have yet to come up with a resolution or schedule a formal mediation.

## 9.  CONSENT:

The Parties do not consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this civil action.

## 10. TRIAL:

Plaintiff have sought this matter to be tried by Jury and anticipate 12-14 day trial.

## 11. MISCELLANEOUS:

a. **Assertion of Claims of Privilege or Work-Product Immunity After Production**:   All documents produced in this case will be Bates stamped.  If any document that is produced appears on its face to be subject to attorney-client privilege or the attorney work product doctrine, the receiving counsel will promptly contact opposing counsel upon discovery, advise the producing party of the document's Bates number, and inquire whether the producing party contends the document is protected from discovery.  The producing party will promptly advise the receiving party of the applicable privilege and the reason that the privilege applies, or will respond that no privilege applies.  If the receiving party does not dispute the assertion of privilege, the receiving party will return the document within 24 hours and will not retain any copies thereof or notes related thereto.  Likewise, if either party later determines that it inadvertently produced a document that is protected from discovery by the attorney-client privilege or the attorney work-product doctrine, that party will promptly advise the receiving party of the document's Bates number, the applicable privilege, and the reason that the privilege applies.

In either case, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party will so notify the

*23-cv-12754-MFL-EAS, Ross, et al v. City of Burton, et al – Rule 26(f)(3) Joint Discovery Plan, p. 9*

producing party in writing within 24 hours of receiving notice from the producing party.  The producing party will then have the burden of filing a motion for protective order.  In responding to the motion for protective order, the receiving party will not contend that the producing party's inadvertent disclosure of the document constituted a waiver of privilege.

**b. Electronic Document Filing System**.   Counsel will comply with electronic filing requirements.

**c. Other**:  The parties do not know of other pre-trial matters which need the Court's attention at this time.